UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SHAWN BELL,

    Plaintiff,

v.

UNITED STATES GOVERNMENT, et al.,

    Defendant.

C.A. No. 17-11686-ADB

ORDER OF DISMISSAL

BURROUGHS, D.J.

For the reasons stated below, the Court dismisses this action for improper venue.

## I. Background

Plaintiff Shawn Bell, appearing *pro se*, has filed a complaint in this District against the Cecil County Detention Center (Elkton, MD), Cecil County Sheriff, Cecil County Clerk of Court, Cecil County Public Defender's Office, Jessup women's prison (Jessup, MD), Bon Secours Hospital (Baltimore, MD), and the Maryland Transit Authority Police.[1] Bell, who currently resides in Massachusetts, alleges that the police of Woodlawn, Maryland, stole her personal property and wrongfully detained her. She further avers that members of the Cecil County Sheriff's Department brutally assaulted her, causing traumatic brain injury and paralysis. Bell also claims that she was sent to the women's prison without going before a judge, and that her public defender refused to file an emergency motion for relief with regard to her confinement. Finally, Bell complains that her medical records concerning the aforesaid events wrongfully refer to her using the last name of her former husband. She does not provide the

---

[1] Although Bell identifies all of these defendants as part of the United States Government, the Court cannot reasonably infer that they are federal defendants.

dates that the defendants engaged in the alleged misconduct. The plaintiff evokes this Court's jurisdiction under 28 U.S.C. §§ 1331 and 1332.

Bell's complaint references an action she filed in this Court in 2016 against Bon Secours Hospital, in which she also alleged that the hospital had wrongfully sent her to the women's prison even though she had not yet appeared in court. *See Bell v. Bon Secours Hospital*, C.A. No. 16-11669-ADB (D. Mass.). Because venue was improper in the District of Massachusetts, the Court ordered that the action be transferred to the United States District Court for the District of Maryland, where the defendant resided and where the alleged event in question occurred. The case was subsequently dismissed by the court in Maryland after Bell did not respond to an order requiring her to amend her complaint. *See Bell v. Bon Secours Hospital*, C.A. No. 16-02995-JFM (D. Md.). The copy of the order of dismissal that had been mailed to Bell at her Boston address was returned to the District of Maryland with a written comment on the envelope: "Don't live in Maryland but Massachusetts for several years. Return to Sender. Illegal transfer by Boston, MA circuit court." *Id.* [ECF No. 13].

In the present action, Bell claims that C.A. No. 16-11669-ADB was "illegally transferred" to Maryland even though she was residing in Boston. [ECF No. 1 at 3].[2] In her prayer for relief, she insists that "venue [is] to remain is Eastern Div. MA US District Court." *Id.* at 6. In a separate motion [ECF No. 2] she asks, *inter alia*, that venue remain in this Court. She states that this Court imposed a "hardship" on her by "illegally transferring" C.A. No. 16-11669-ADB to the District of Maryland.

---

[2]Bell also believes that the orders entered by this Court in Civil Action No. 16-11669-ADB were void because at the beginning of each document the presiding judge is identified as "Burroughs, D.J." Bell believes that the use of the initials "D.J," which is shorthand for "District Judge," is "illegal" because the initials of the undersigned are "ADB" rather than "DJ." [ECF No. 1 at 3].

**II.    Discussion**

Despite Bell's insistence that this action remain in the District of Massachusetts, venue in this district remains improper. The plaintiff may be improperly conflating or confusing venue with other doctrines that must be considered in determining whether an action may be brought in a federal district court, and, if so, the district in which it may be filed.

**A.    Subject Matter Jurisdiction**

Subject matter jurisdiction concerns the *types* of cases that a federal district court has the power to adjudicate, or, in other words, a court's "power to issue [an] order." *U.S. Catholic Conf. v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 77 (1988). "'Federal courts are of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian of Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). Congress has given federal district courts original jurisdiction over claims arising under federal law, *see* 28 U.S.C. § 1331, and claims between parties of diverse citizenship where the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. The requirement of subject matter jurisdiction cannot be waived by the parties, and "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Here, it appears that Bell is asserting claims arising under federal law and state law. She also represents that complete diversity of citizenship exists and that the amount in controversy exceeds $75,000. Thus, for purposes of this order, the Court will assume that it has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1332.

### B. Personal Jurisdiction and Venue

If the requirements of federal subject matter jurisdiction are met, a court must also consider whether the action has been filed in the appropriate geographical location. This inquiry is determined by the doctrines of personal jurisdiction and venue.

#### 1. Personal Jurisdiction

Personal jurisdiction refers to a court's "power to require the parties to obey its [orders]." *Hannon v. Beard*, 524 F.3d 275, 279 (1st Cir. 2008) (quoting *Daynard v. Ness, Motley, Lodaholt, Richardson, & Poole, P.A.*, 290 F.3d 42, 50 (1st Cir. 2002)). A plaintiff consents to the personal jurisdiction of a court by bringing suit in that court. *See Adam v. Saenger*, 303 U.S. 59, 67 (1938). But as to the defendants, the due process clause of the United States Constitution "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471−72 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). Therefore, a court is precluded from asserting jurisdiction over a defendant unless "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). A defendant may waive the defense of lack of personal jurisdiction. *See Ins. Co. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 704−05 (1982).

In the present action, all of the defendants are citizens of Maryland and all of the alleged misconduct occurred in Maryland. Nothing in the complaint suggests that all or even one of the defendants has sufficient contacts with Massachusetts, whether in general or in relation to the events set forth in Bell's complaint, which would support the Court's exercise of personal jurisdiction over them.

### 2. Venue

The term "venue" refers to "the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts." 28 U.S.C. § 1390(a). Federal trial courts are divided geographically into districts, and the venue statutes designate appropriate districts for each case. "In most instances, the purpose of statutorily specified venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183–84 (1979) (emphasis added). "[T]he venue statutes reflect Congress' intent that venue should always lie in *some* federal court whenever federal courts have personal jurisdiction over the defendant." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, ––– U.S. ––––, 134 S.Ct. 568, 578 (2013).

> The general venue statute provides that a civil action may be brought in:
>
> (1) a judicial district in which any *defendant* resides, if *all defendants* are residents of the State in which the district is located; (2) a judicial district in which a s*ubstantial part of the events or omissions giving rise to the claim occurred*, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which *any defendant* is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b) (emphases added). Under the alleged facts of this case, this statute does not provide venue in the District of the Massachusetts. Subsection (1) is inapplicable because the defendants are not residents of Massachusetts. Subsection (2) does not support venue in this Court because the events giving rise to Bell's claims did not occur in Massachusetts. Because venue exists in the District of Maryland, subsection (3) is irrelevant; further, nothing in the complaint suggests that this Court could exercise personal jurisdiction over any of the defendants.

### C. Dismissal of the Action

Where venue is improper, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Here, it is not in the interests of justice to transfer this case to the District of Maryland. As noted above, Bell has already rejected this remedy in refusing to pursue the claims set forth in *Bell v. Bon Secours Hospital*, C.A. No. 16-11669-ADB (D. Mass.), after this Court transferred it to the District of Maryland to cure improper venue. It would serve no purpose to undertake the same course of action in this case. Further, if the Court were to transfer this action to the District of Maryland and Bell again declined to litigate in the District of Maryland, the transfer would unnecessarily result in the expenditure of resources by the District of Maryland. Finally, because the dismissal is only for improper venue and is not related to the merits of her claims, Bell may re-file this action in the District of Maryland if she so chooses.

## III. Conclusion

Accordingly:

(1) The motion for leave to proceed *in forma pauperis* [ECF No. 3] is granted.

(2) The motion for the appointment of counsel and to have venue remain in the District of Massachusetts [ECF No. 2] is denied.

(3) This action is dismissed without prejudice for improper venue.

IT IS SO ORDERED.

Dated: October 18, 2017

                                            /s/ Allison D. Burroughs
                                            ALLISON D. BURROUGHS
                                            DISTRICT JUDGE